





UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDEN APPLE CORPORATION,<br><br>        Plaintiff,<br><br>v.<br><br>GENGHIS WHEEL, INC., et al.,<br><br>        Defendants. | Case No.  CV 05-7879 PA (MANx)<br><br>STANDING ORDER |

### READ THIS ORDER CAREFULLY.  IT CONTROLS THE CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.

This action has been assigned to the calendar of Judge Percy Anderson.  Both the Court and the attorneys bear responsibility for the progress of litigation in the Federal Courts.  To secure the just, speedy, and inexpensive determination of every action, Fed. R. Civ. P. 1, all counsel are ordered to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Central District of California.

IT IS HEREBY ORDERED:

1.    **Service of the Complaint:**  The Plaintiff shall promptly serve the Complaint in accordance with Fed. R. Civ. P. 4 and file the proofs of service pursuant to Local Rule 5-3.1.

2.    **Presence of Lead Counsel:**  Lead trial counsel shall attend all proceedings

1  before this Court, including all status and settlement conferences.

2        3.  **Discovery:**

3          (a)  All discovery matters have been referred to a United States Magistrate

4  Judge, who will hear all discovery disputes. (The Magistrate Judge's initials follow the

5  Judge's initials next to the case number.)  All discovery documents must include the words

6  "DISCOVERY MATTER" in the caption to ensure proper routing. Counsel are directed to

7  contact the Magistrate Judge's Courtroom Deputy Clerk to schedule matters for hearing.

8  Please do not deliver courtesy copies of these documents to this Court.

9      The decision of the Magistrate Judge shall be final, subject to modification by the

10  District Court only where it has been shown that the Magistrate Judge's Order is clearly

11  erroneous or contrary to law.  Any party may file and serve a motion for review and

12  reconsideration before this Court.  The moving party must file and serve the motion within

13  ten (10) days of service of a written ruling or within ten (10) days of an oral ruling that the

14  Magistrate Judge states will not be followed by a written ruling.  The motion must specify

15  which portions of the ruling are clearly erroneous or contrary to law and support the

16  contention with points and authorities. Counsel shall deliver a conformed copy of the

17  moving papers and responses to the Magistrate Judge's clerk at the time of filing.

18          (b)  Unless there is a likelihood that upon motion by a party the Court

19  would order that any or all discovery is premature, it is advisable for counsel to begin to

20  conduct discovery actively before the Scheduling Conference.  At the very least, the parties

21  shall comply fully with the letter and spirit of Fed. R. Civ. P. 26(a) and thereby obtain and

22  produce most of what would be produced in the early stage of discovery, because at the

23  Scheduling Conference the Court will impose tight deadlines to complete discovery.

24          (c)  If expert witnesses are to be called at trial, the parties shall designate

25  experts to be called at trial and provide reports required by Fed. R. Civ. P. 26(a)(2)(B), not

26  later than eight weeks prior to the discovery cutoff date.  Rebuttal expert witnesses shall be

27  designated and reports provided as required by Fed. R. Civ. P. 26(a)(2)(B), not later than

28

revised 04/1/03

1  five weeks prior to the discovery cutoff date.  Failure to timely comply with this deadline

2  may result in the expert being excluded at trial as a witness.

3       4.    **Motions:**

4            (a)    **Time for Filing and Hearing Motions:**  Motions shall be filed in

5  accordance with Local Rule 7.[1/]  This Court hears motions on **Mondays, commencing at**

6  **1:30 p.m.  No supplemental brief shall be filed without prior leave of Court.**  Conformed

7  courtesy copies of **opposition and reply papers** shall be delivered to the courtesy box on

8  the wall outside the entrance to chambers on the Spring Street level of the U.S. Courthouse,

9  312 North Spring Street, **by 4:00 p.m. on the date due.**  Many motions to dismiss or to

10  strike could be avoided if the parties confer in good faith (as they are required to do under

11  L.R. 7-3), especially for perceived defects in a complaint, answer or counterclaim which

12  could be corrected by amendment.  See Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir. 1996)

13  (where a motion to dismiss is granted, a district court should provide leave to amend unless

14  it is clear that the complaint could not be saved by *any* amendment).  Moreover, a party has

15  the right to amend his complaint "once as a matter of course at any time before a responsive

16  pleading is served." Fed. R. Civ. P. 15(a).  A 12(b)(6) motion is not a responsive pleading

17  and therefore plaintiff might have a right to amend.  See Nolen v. Fitzharris, 450 F.2d 958,

18  958-59 (9th Cir. 1971); St. Michael's Convalescent Hospital v. California, 643 F.2d 1369,

19  1374 (9th Cir. 1981).  And even where a party has amended his Complaint once or a

20  responsive pleading  has been served, the Federal Rules provide that leave to amend should

21  be "freely given when justice so requires." F.R.Civ.P. 15(a).  The Ninth Circuit requires that

22  this policy favoring amendment be applied with "extreme liberality."  Morongo Band of

23  Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).

24

25  _____

[1/]    Among other things, Local Rule 7-3 requires counsel to engage in a pre-filing
26  conference "to discuss thoroughly . . . the substance of the contemplated motion and any
potential resolution." Counsel should discuss the issues sufficiently so that if a motion is still
27  necessary, the briefing may be directed to those substantive issues requiring resolution by
the Court. Counsel should resolve minor procedural or other nonsubstantive matters during
28  the conference.

revised 04/1/03

1    These principles require that counsel for the plaintiff should carefully evaluate the

2    defendant's contentions as to the deficiencies in the complaint and in many instances, the

3    moving party should agree to any amendment that would cure a curable defect.

4    In the unlikely event that motions under Fed. R. Civ. P. 12 challenging pleadings are

5    filed after the Rule 16 Scheduling Conference, the moving party shall attach a copy of the

6    challenged pleading to the Memorandum of Points and Authorities in support of the motion.

7    The foregoing provisions apply as well to motions to dismiss a counterclaim, answer or

8    affirmative defense, which a plaintiff might file.

9    **(b)    Length and Format of Motion Papers:   Memoranda of Points**

10   **and Authorities in support of or in opposition to motions shall not exceed 25 pages.**

11   **Replies shall not exceed 12 pages.** Only in rare instances and for good cause shown will the

12   Court grant an application to extend these page limitations.

13   **Typeface shall comply with Local Rule 11-3.1.1. NOTE: If Times Roman font is**

14   **used, the size must be no less than 14; if Courier is used, the size must be no less than**

15   **12.** Footnotes shall be in typeface no less than one size smaller than text size and shall be

16   used sparingly.

17   Filings which do not conform to the Local Rules and this Order will not be

18   considered.

19   **(c)    Citations to Case Law:** Citations to case law **must** identify not only

20   the case being cited, but the specific page being referenced.  Certain kinds of authority are

21   considered more useful - or authoritative - than others.  If more than one authority is cited in

22   support of a proposition, these supporting authorities are to be listed such that the more

23   authoritative ones appear first.

24   **(d)    Citations to Other Sources:** Counsel are reminded that the basic

25   purpose of a legal citation is to allow the reader to locate a cited source accurately and

26   efficiently.  Accordingly, statutory references should identify, with specificity, which

27   sections and subsections are being referenced. (e.g., Jurisdiction over this cause of action

28   may appropriately be found in 47 U.S.C. § 33, which grants the district courts jurisdiction

-4-

revised 04/1/03

1   over all offenses of the Submarine Cable Act, whether the infraction occurred within the

2   territorial waters of the United States or on board a vessel of the United States outside said

3   waters).  Statutory references which do not indicate specifically which section and

4   subsection are being referred to (e.g., Plaintiffs allege conduct in violation of the Federal

5   Electronic Communication Privacy Act, 18 U.S.C. § 2511, et seq.) are to be **avoided**.

6   Citations to treatises, manuals, and other materials should similarly include the volume and

7   the section being referenced.

8             **(e)       Courtesy Copies:** Counsel shall deliver a conformed courtesy copy

9   of all **opposition and reply** papers in motion matters to the courtesy box on the wall outside

10  the entrance to chambers on the Spring Street level of the U.S. Courthouse, 312 North

11  Spring Street, **by 4:00 p.m. on the date due.**

12        5.      **Proposed Orders:**  Each party filing or opposing a motion or seeking the

13  determination of any matter shall serve and lodge a Proposed Order setting forth the relief or

14  action sought and a brief statement of the rationale for the decision with appropriate

15  citations. If the Proposed Order exceeds two pages, the proposing party shall also submit the

16  document on a 3½-inch diskette compatible with WordPerfect 7.0 or higher.

17        6.      **Ex Parte Applications:**  Counsel are reminded ex parte applications are solely

18  for extraordinary relief.  See Mission Power Engineering Co. v. Continental Casualty Co.,

19  883 F. Supp. 488 (C.D. Cal. 1995).  Applications which fail to conform with Local Rules 7-

20  19 and 7-19.1, **including a statement of opposing counsel's position,** will not be

21  considered.  Any opposition must be filed not later than 24 hours after service.  If counsel do

22  not intend to oppose the ex parte application, counsel must inform the court clerk by

23  telephone.  The Court considers ex parte applications on the papers and usually does not set

24  these matters for hearing.  Counsel shall deliver a conformed courtesy copy of moving,

25  opposition, or notice of non-opposition papers to the courtesy box outside the entrance to

26  chambers on the Spring Street level of the U.S. Courthouse, 312 North Spring Street.  The

27  Courtroom Deputy Clerk will notify counsel of the Court's ruling or a hearing date and time,

28  if the Court determines a hearing is necessary.

-5-

7.   **Applications or Stipulations to Extend the Time to File any Required Document or to Continue any Pretrial or Trial Date:**  No stipulations extending scheduling requirements or modifying applicable rules are effective until and unless the Court approves them.  Both applications and stipulations must be filed in advance of the date due and set forth:

(a)   the existing due date or hearing date as well as the discovery cutoff date, the last date for hearing motions, the pre-trial conference date and the trial date;

(b)   specific, concrete reasons supporting good cause for granting the extension.  In this regard, a statement that an extension "will promote settlement" is insufficient.  The requesting party or parties must indicate the status of ongoing negotiations: have written proposals been exchanged? Is counsel in the process of reviewing a draft settlement agreement?  Has a mediator been selected?

(c)   whether there have been prior requests for extensions, and whether these were granted or denied by the Court.

8.   **TROs and Injunctions:**  Parties seeking emergency or provisional relief shall comply with Fed. R. Civ. P. 65 and Local Rule 65.  The Court will not rule on any application for such relief for at least 24 hours after the party subject to the requested order has been served; such party may file opposing or responding papers in the interim.  The parties shall lodge a courtesy copy, conformed to reflect that it has been filed, of all papers relating to  TROs and injunctions.  The courtesy copy shall be placed in the courtesy box outside the entrance to chambers.  All such papers shall be filed "loose" - - *i.e.,* not inside envelopes.

9.   **Cases Removed From State Court:**  All documents filed in state court, including documents appended to the complaint, answers and motions, must be refiled in this Court as a supplement to the Notice of Removal, if not already included.  See 28 U.S.C. § 1447(a)(b).  If the defendant has not yet responded, the answer or responsive pleading filed in this Court must comply with the Federal Rules of Civil Procedure and the

revised 04/1/03

1    Local Rules of the Central District.  If a motion was pending in state court before the case

2    was removed, it must be re-noticed in accordance with Local Rule 7.

3        10.    **ERISA Cases**:  Absent an agreed upon statement of facts, the court will not

4    hear motions for summary judgment, but will hear motions to determine the standard of

5    review and the scope of the administrative record.  See <u>Kearney v. Standard Insurance Co.</u>,

6    175 F.3d 1084 (9th Cir. 1999).  There will be a court trial (usually confined to oral

7    argument) on the administrative record.

8        11.    **Consent to Magistrate Judge:**  The parties may consent to have a United

9    States Magistrate Judge preside over the entire case, including trial.  The parties are free to

10    select from amongst all the magistrate judges available for this purpose, not just the

11    magistrate judge assigned to this case.  (Please consult the court's website for the list of the

12    available magistrate judges.)

13        12.    **Status of Fictitiously Named Defendants:**  This Court intends to adhere to

14    the following procedures where a matter is removed to this Court on diversity grounds with

15    fictitiously named defendants referred to in the complaint. (<u>See</u> 28 U.S.C. §§ 1441(a) and

16    1447.)

17            (a)    Plaintiff is normally expected to ascertain the identity of and serve

18    any fictitiously named defendants within 120 days of the removal of the action to

19    this Court.

20            (b)    If plaintiff believes (by reason of the necessity for discovery or

21    otherwise) that fictitiously named defendants cannot be fully identified within the 120-day

22    period, an <u>ex parte</u> application requesting permission to extend that period to effectuate

23    service may be filed with this Court. Such application shall state the reasons therefor, and

24    may be granted upon a showing of good cause.  The <u>ex parte</u> application shall be served

25    upon all appearing parties, and shall state that appearing parties may comment within seven

26    (7) days of the filing of the <u>ex parte</u> application.

27            (c)    If plaintiff desires to substitute a named defendant for one of the

28    fictitiously named parties, plaintiff first shall seek to obtain consent from counsel for the

-7-

revised 04/1/03

1 | previously-identified defendants (and counsel for the fictitiously named party, if that party

2 | has separate counsel). If consent is withheld or denied, plaintiff may apply ex parte

3 | requesting such amendment, with notice to all appearing parties. Each party shall have

4 | seven calendar days to respond. The ex parte application and any response should comment

5 | not only on the substitution of the named party for a fictitiously named defendant, but on the

6 | question of whether the matter should thereafter be remanded to the Superior Court if

7 | diversity of citizenship is destroyed by the addition of the new substituted party. See 28

8 | U.S.C. § 1447(c)(d).

9 |      13. **Bankruptcy Appeals:** Counsel shall comply with the NOTICE

10 | REGARDING APPEAL FROM BANKRUPTCY COURT issued at the time the appeal is

11 | filed in the District Court. The matter is considered submitted upon the filing of the

12 | appellant's reply brief. No oral argument is held unless otherwise ordered by this Court.

13 |      14. **Communications with Chambers:** Counsel shall not attempt to contact the

14 | Court or its chambers staff by telephone or by any other ex parte means, although counsel

15 | may contact the Courtroom Deputy, at (213) 894-1795, with appropriate inquiries. To

16 | facilitate communication with the Courtroom Deputy, counsel should list their facsimile

17 | transmission numbers along with their telephone numbers on all papers.

18 |      15. **Notice of this Order:** Counsel for plaintiff shall immediately serve this Order

19 | on all parties, including any new parties to the action. If this case came to the Court by

20 | noticed removal, defendant shall serve this Order on all other parties.

21 |      IT IS SO ORDERED.

22 | Dated: November 14, 2005

23 |

24 |                                     Percy Anderson
UNITED STATES DISTRICT JUDGE

25 |

26 |

27 |

28 |

revised 04/1/03